UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MADHAVI PULLELA,

              Plaintiff,                         Civil No. 08-1427-AC

      v.                                   ORDER

INTEL CORPORATION, a
foreign corporation,

              Defendant.

_____

HAGGERTY, District Judge:

      Magistrate Judge Acosta issued a Findings and Recommendation [34] that recommended granting defendant's Motion for Summary Judgment [7]. Objections [36] to the Findings and Recommendation were filed by plaintiff. The matter was then referred to this court for review.

      When a party objects to any portion of a Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Findings and Recommendation. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiff filed objections in a timely manner. The court has given the file of this case a *de novo* review. For the following reasons, the objections are overruled.

1  -- ORDER

## BACKGROUND

The Magistrate Judge provided a thorough recitation of the relevant facts previously, and these facts need only be summarized here.  Plaintiff was hired by defendant Intel as a software engineer in 2005.  Plaintiff received a "Below Expectations" job performance rating from her manager Bruce Whitney in early 2007.  Plaintiff initiated an internal appeal of this rating, asserting that the quality of her work did not deserve a negative rating and that she did not receive fair warnings of her allegedly poor performance.

During her appeal, plaintiff discussed her observations that a female co-worker received favorable treatment because of her flirtatiousness.  She acknowledged that her complaints about the female co-worker and her possible relationship with a male co-worker were not the sole reason for her bad assessment, and she expressed a desire not to sidetrack her appeal with further references to the co-workers.

As a result of plaintiff's appeal, her rating was amended to Successful.  The grounds given for the amendment were that plaintiff possibly received inadequate notice of her alleged performance deficiencies.

In mid-2007, plaintiff was evaluated by a new manager, Rob Hensel.  He rated plaintiff's performance as "Improvement Required," and plaintiff received a 90-day Corrective Action Plan (CAP).  The CAP contained a "Buyout Option," which provided that "[a]t any time during the period of this CAP," plaintiff could resign from Intel and be paid an amount equivalent to what plaintiff would have earned if she had continued to work through the CAP period.

Plaintiff commenced an appeal in early August 2007.  The appeal investigation was conducted by Steve Folsom, Hensel's manager.  At some point during the investigation, plaintiff allegedly advised Folsom that she had complained previously about co-workers.  Plaintiff alleges that Folsom responded at some point by asserting that somebody would pay dearly for the

mistake of submitting complaints to defendant's human resources department rather than directly to Folsom.

The CAP was upheld.  In October 2007, Manager Hensel concluded that plaintiff was not performing successfully during the CAP.  Plaintiff subsequently inquired about the buy-out option and exercised that option on October 10, 2007.  Plaintiff believed that Hensel would fire her if she did not quit, and she felt unsupported at her job and in her workplace.  Plaintiff later requested and obtained a report from a legal investigator in defendant's human resources department.  This investigation resulted in findings that supported defendant's legitimate employment actions regarding plaintiff.  Plaintiff subsequently initiated this suit, alleging that she was wrongfully terminated by defendant for complaining about the female co-worker's flirtatious behavior and the resulting favoritism shown the co-worker by male coworkers and managers.

**ANALYSIS**

The Magistrate Judge provided a thorough analysis regarding defendant's summary judgment motion.  His conclusion to recommend granting the motion is sound and proper.

Plaintiff's Objections are twofold: first, counsel asserts that the Findings and Recommendation "failed to draw the obvious and available inference that there was at least an issue of fact based on Folsom's statement that [plaintiff's] complaint [to the human resources department] was a substantial contributing factor to her constructive discharge."  Objections at 2.

Allegations regarding Folsom's views while he was participating in plaintiff's appeal process fail to create a material question of fact regarding the propriety of the conduct undertaken by plaintiff's manager Rob Hensel.  It is Hensel who plaintiff has alleged caused her termination.  No evidence is presented that Folsom influenced Hensel, or that Hensel based his

3  -- ORDER

alleged termination upon – or was even aware of – the alleged conduct that plaintiff claims was

protected under the law and was the basis for her termination.

Plaintiff's second objection is nearly indecipherable.  Titled "Wrongful," it provides:

It is both unrealistic and in conflict with the ameliorative purposes of the tort of
wrongful discharge to expect the plaintiff to have been aware of the fine points of
the then current state of judicial interpretation of the scope of conduct
encompassed by the prohibition against sex discrimination when she made her
complaint(s).  It should be enough that she had an objectively reasonable belief
that she is being treated worse in terms and conditions of employment because of
sexual favoritism in the good faith belief that sexual favoritism was sex
discrimination.  *Id*. at 27.

Objections at 2.

Presumably, the second objection is intended to challenge this portion of the Findings

and Recommendation:

The conduct [plaintiff] complained of did not constitute sex discrimination or a
hostile environment . . . .  The evidence does not establish that [plaintiff] reported
the conduct either with the subjective "good faith" or objective "reasonable
belief" that the conduct would support a viable claim for discrimination.  The
court finds that [plaintiff] has failed to raise a genuine issue of material fact on the
second element of her wrongful discharge claim - whether she exercised an
employment-related right of important public interest.

Findings and Recommendation at 27-28 (citation omitted).

The Magistrate Judge's careful analysis of the applicable legal authorities – wholly

unaddressed by counsel's objections – is correct.  Plaintiff is not required to have been "aware of

the fine points of the then current state of judicial interpretation," but the allegations contained

within her Complaint must be scrutinized to ascertain whether those allegations provide a

reasonable basis to proceed with the litigation.  The Magistrate Judge properly concluded that

plaintiff "never complained about sex discrimination prior to her Below Expectations rating, and

even then she never asserted that the rating itself was because of her gender."  Findings and

Recommendation at 26.  Plaintiff's objections as to this finding, and as to the Findings and

Recommendation's conclusions about "Wrongful" issues, are unpersuasive and are overruled.

## <u>CONCLUSION</u>

The Findings and Recommendation [34] that recommended granting defendant Intel's

Motion for Summary Judgment [7] is adopted.  Plaintiff's Objections to the Findings and

Recommendation are overruled.  Summary judgment is granted to defendant, and this action is

dismissed with prejudice.  Any other pending motions are denied as moot.

IT IS SO ORDERED.

Dated this __16__ day of July, 2010.


      ___/s/ Ancer L. Haggerty___
            Ancer L. Haggerty
      United States District Judge

5  -- ORDER