FILED

AUG 2 5 2010

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MADHAVI PULLELA,

                             Plaintiff,

        v.

INTEL CORPORATION, a
foreign corporation,

                            Defendant.

Case No. CV 08-1427-AC

OPINION AND ORDER

*Opinion*

Before the court is defendant Intel Corporation's ("Intel") cost bill. On July 16, 2010, U.S.

District Court Judge Ancer Haggerty issued an Order (Docket No. 40) in which he adopted this

court's May 6, 2010, Findings and Recommendation (Docket No. 34), and granted Intel's motion

for summary judgment on plaintiff Madhavi Pullela's ("Pullela") wrongful discharge claim. Intel,

as the prevailing party, now seeks to recover $3,595.80 in costs. The court grants in part and denies

OPINION AND ORDER                     1

in part Intel's cost bill, and awards Intel $2,753.25 in total costs.

*Background*

Pullela worked as a software engineer for Intel from January 2005 until October 2007. Beginning in September 2006, Pullela complained about inappropriate relationships initiated by a female coworker with male employees, including managerial employees, and raised concerns about the alleged favoritism that the female coworker appeared to receive as a result. Pullela alleged that Intel wrongfully discharged her from employment because she complained about the favoritism her female coworker received. Intel asserted that Pullela accepted a buyout and voluntarily resigned to avoid termination because of on-going poor performance and failure to improve that performance after being placed on a performance improvement plan. The court granted Intel's summary judgment motion because Pullela failed to create a genuine issue of material fact on the question of whether she was exercising an employment-related right of important public interest when she complained about favoritism arising from her female coworker's conduct, and on the required causal relationship between the exercise of the alleged right and her termination.

Intel filed its cost bill on August 2, 2010. Pullela filed no opposition or other response to Intel's cost bill.

*Standards*

The specific items a prevailing party may recover as costs are listed in 28 U.S.C. § 1920. Costs "should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to the prevailing party; if a district court departs from that presumption, it must provide an explanation so that the appellate court can determine whether the district court abused its discretion. *See, e.g., Association of Mexican-American Educators* v. *State*

*of California,* 231 F.3d 572, 592-93 (9th Cir. 2000) (en banc) (if disallowing costs, the district court should "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."). *See also Save Our Valley v. Sound Transit,* 335 F.3d 932, 945 (9th Cir. 2003) (district court "need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award"). Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in §1920, *Alflex Corp. v. Underwriters Lab., Inc.,* 914 F.2d 175, 177 (9th Cir. 1990) (per curiam), and the trial judge has wide discretion in awarding costs under FRCP 54(d)(1). *Arboireau v. Adidas Salomon AG,* No. 01-105-ST, 2002 WL 31466564, at *4 (D. Or. June 14, 2002).

*Discussion*

A.    Filing Fee (28 U.S.C. § 1920(1))

A prevailing party may recover "[f]ees of the clerk[.]" 28 U.S.C. § 1920(1). Intel filed this case by removing it from Multnomah County Circuit Court to this court on December 8, 2008. Nothing in the record suggests that Intel should not recover this filing fee and, accordingly, the court allows this cost in the amount of $350.00.

B.    Docket Fees (28 U.S.C. § 1920(5))

A prevailing party may recover a docket fee. 28 U.S.C. § 1920(5). That fee is $20.00 and is recoverable "on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases[.]" 28 U.S.C. § 1923(a). Nothing in the record suggests that Intel should not recover this fee and, accordingly, the court allows this cost in the amount of $20.00.

C.     Deposition Costs and Transcripts (28 U.S.C. § 1920(2))

Under 28 U.S.C. § 1920(2), a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" *See also* FED. R. CIV. P. 54(d)(1) ("costs . . . should be allowed to the prevailing party"). "Depositions are 'necessary' if introduced into evidence or used at trial for impeachment or cross-examination." *Arboireau*, 2002 WL 31466564, at *5. The cost of a deposition not used at trial still may be recovered "if taking the deposition was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion." *Id.*

Intel seeks to recover the costs incurred for obtaining both the deposition transcript of Pullela's deposition and the videotaping of her deposition. More specifically, Intel seeks these costs twice, first because Pullela did not appear for her originally scheduled deposition and second for the rescheduled deposition, which did take place. Intel argues that it should recover for both the court reporter appearance fee and transcription fee as well as the videographer's appearance fee and production fee. Intel observes that it used the deposition transcript in support of its summary judgment motion. As to the videotaped version of Pullela's deposition, Intel states it was necessary "because capturing plaintiff's deposition demeanor on camera was a reasonable part of the pretrial preparation in this case." Defendant Intel's Memorandum in Support of Intel's Bill of Costs 2.

Disallowance of expenses for depositions not used at trial is within the district court's discretion. *Washington State Dep't. of Transp. v. Washington Natural Gas Co., et. al.*, 59 F.3d 793, 806 (9th Cir. 1995). However, in calculating award of costs, a court may, it its discretion, tax deposition and copying costs even if the items in question were not used at trial. *Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc.*, 260 F.3d 1054 (9th Cir. 2001).

OPINION AND ORDER                          4

The court allows Intel's costs incurred for both the court reporter's appearance fee ($120.00) and the videographer's appearance fee ($180.00) for Pullela's first scheduled deposition. Intel incurred both costs twice, instead of only once, solely because Pullela did not appear for her deposition, which Intel represents had been arranged in advance and with appropriate notice. Declaration of Sarah J. Ryan in Support of Defendant's Bill of Costs ¶ 6. Subsequently, Pullela's deposition was renoticed and did occur, causing Intel to incur both the court report appearance fee and the videographer's appearance fee a second time. Because Pullela's actions caused Intel to incur these expenses twice, she must bear this cost, a total of $300.00.

The court also awards Intel its costs for the court reporter's appearance fee at Pullela's renoticed deposition, as well as the cost for the transcription of that deposition, a total of $1,838.00. Intel used Pullela's deposition transcript to support its summary judgment motion, which the court subsequently granted. Further, the deposition of a plaintiff in an employment case is generally "necessarily obtained for use in the case". Accordingly, the court awards Intel $1,838.00 for this item of cost.

The court does not award Intel the $841.75 cost incurred for the videographer's appearance fee at, and charge for, Pullela's renoticed deposition. Although the court has found that the written transcript was "necessarily obtained for use in the case", the same cannot be said of the videographer's charge to appear at and record Pullela's deposition. Intel explains that the video version of Pullela's deposition was necessary to "capture plaintiff's deposition demeanor" for trial, but it fails to explain how, in the context of this case, Pullela's deposition demeanor was such an important issue that the video version, in addition to the written version, of her deposition was necessary. The demeanor of any witness, including the plaintiff in an employment lawsuit, is

OPINION AND ORDER                    5

important in any case.   That general principle, however, should not automatically convert a videographer's fee into a recoverable item of cost where a court reporter also attended and transcribed the deposition and the party seeking to recover the videographer's cost does not offer one or more reasons specific to the case to justify an award of costs for both items.  Routinely allowing recovery of the cost incurred for both the court reporter's transcript and a separate videographic record of depositions duplicates deposition costs without purpose.   Accordingly, the court denies Intel's request for this cost item.

Intel also seeks an award for the $245.25 cost incurred to obtain the hearing transcript of counsels' summary judgment oral argument.  Following this court's recommendation that Intel's summary judgment motion be granted, Pullela filed her objections to that recommendation (Docket No. 36).  Intel filed its response to those objections (Docket No. 37), and it that response cited to the hearing transcript (Docket No. 33) to support its arguments that the Findings and Recommendation should be adopted.  Defendant Intel Corporation's Response to Plaintiff's Objections to Findings and Recommendation 6 & n.5.  The court finds that the transcript of the summary judgment oral argument was necessarily obtained for use in the case, and thus awards Intel $245.25 for this item of cost.

*Order*

For the reasons explained above, Intel's cost bill (Docket No. 42) is GRANTED in part and DENIED in part, as follows:

| | |
|---|---|
| Filing fee: | $  350.00 |
| Docket fees: | 20.00 |
| Court reporter appearance fee, first deposition | 120.00 |

OPINION AND ORDER                          6

| | |
|---|---|
| Videographer appearance fee, first deposition | 180.00 |
| Court reporter appearance and transcription fee, second depo | 1,838.00 |
| Court reporter transcription fee, summary judgment hearing | 245.25 |
| **TOTAL COSTS AWARDED:** | **$2,753.25** |

IT IS SO ORDERED.

Dated this 25th day of August, 2010.

John V. Acosta

U.S. Magistrate Judge

OPINION AND ORDER                              7